IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RANDALL FRIDLEY,**

      **Plaintiff,**

**v.**                                                    **Civil action no. 3:08cv111**
                                                                  **(Judge Bailey)**

**WV Department of Corrections;**
**Northern Correctional Facility,**

      **Defendants.**

## REPORT AND RECOMMENDATION

On July 24, 2008, the *pro se* plaintiff, initiated this case which was docketed as an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201. On August 4, 2008, the plaintiff was granted leave to proceed *in forma pauperis*. He paid the initial partial filing fee on August 14, 2008. On September 29, 2008, the West Virginia Department of Corrections filed a Waiver of Reply and Alternative Motion to Dismiss. A Roseboro Notice was issued on September 30, 2008. As of the date of this Report and Recommendation, the plaintiff has made no reply.

**I. Factual Background**

At the time this complaint was filed, the plaintiff was a state prisoner being held in the custody of the West Virginia Division of Corrections ("WVDOC") at the Northern Correctional Center. (Doc. 13-3, p. 2). The plaintiff was serving a 1-10 year indeterminate sentence imposed by the Circuit Court of Kanawha County for the offense of Breaking and Entering. The effective date of the sentence was July 3, 2003. (Doc. 13-3, p. 4). In August of 2006, the plaintiff was paroled and then had his parole revoked in March of 2007. (Doc. 13-3, pp. 7 and 9). Following revocation of his parole, his projected release date was October 12, 2008, and his maximum parole date was May 17, 2010. (Doc. 13-3, p. 12).

Prior to his sentence from Kanawha County, the plaintiff had served a period of incarceration from which he was discharged on September 10, 1997. (Doc. 13-3, p. 14).

## II. The Complaint

In his complaint, the plaintiff refers to the Rosenbloom Trust Fund, which he maintains "was set up and willed to the W.V.D.O.C. by a late millionair[sic]/inmate without bias or malice to help inmates exiting D.O.C. to start a new life."[1] The plaintiff further alleges that the WVDOC has created Policy Directive 457.07[2] which denies him funds from the trust when he is discharged on September 25, 2008. The plaintiff maintains that this policy violates the very purpose for which the trust was established and violates his personal rights. As relief, the plaintiff asks this court o make the WVDOC follow the wishes of the late Mr. Rosenbloom and pay him the funds to which he believes he is entitled. In addition, he seeks to have this court review and change Policy Directive 457.07.

## III. Standard of Review

---

[1] According to the Circuit Court of Ohio County, West Virginia, "Benjamin Rosenbloom died March 22, 1965 leaving a duly executed and probated Last Will and Testament which provided:

> "After the death of Elmer E. Bertschy and Mrs. Alfred Rosenbloom and the payment of the bequests set out, my executors shall pay to each person who has completed their term in the Penitentiary at Moundsville, West Virginia, the sum of $100.00 in the hope that it will assist them in rehabilitation, but it shall not be paid to any who are pardoned or paroled, indicating they have friends on the outside."

(Doc. 13-3, p. 17). In 1995, the Circuit Court of Ohio County permitted amendments of the terms of the trust to pay $300.00 to each individual felon who are placed at either Mount Olive Correctional Complex or the Northern Correctional Center. (Doc. 13-3, p. 19).

[2] In 2006, the WVDOC issued its current version of Policy Directive 457.07 in which the Division has attempted to provide guidance to staff regarding the terms of the trust. In this policy, the Division has interpreted the trust to mean that an inmate can only receive one check from the Rosenbloom Trust Fund. (Doc. 13-3, p. 33). In addition, the policy provides that checks will not be issued to inmates who have been on parole and returned as parole violators. (Id. at p. 34).

A. **Motion to Dismiss**

In ruling on a motion to dismiss the Court must accept as true all well-pleaded factual allegations. Walker v. True, 399 F.3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 4506 (1957).

IV. **Analysis**

Pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen against another, or to suits by a citizen against his or her own state. Hans v. Louisiana, 134 U.S. 1 (1890). State agencies are also protected from the suit by the Eleventh Amendment. Quern v. Jordan, 440 U.S. 332, 441 (1979).

The State of West Virginia and its components have been held to be entitled to Eleventh Amendment immunity. Gianncola v. West Virginia Department of Public Safety, 830 F.2d 547, 552 (4th Cir. 1987); Duncan v. West Virginia Department of Public Safety, 597 F. Supp. 1195, 1196 (S.D. W.Va. 1984) (holding Eleventh Amendment barred suit for damages against State of West Virginia); Meadows v. Huttonsville Correctional Center, 793 F. Supp. 684, 686 (N.D. W.Va. 1992) (applying Eleventh Amendment immunity to suit against a state prison).

Accordingly, absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. Kentucky v. Graham, 473 U.S. 159, 199 (1985); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 99-100 (1984). Therefore, this Court lacks jurisdiction over the West Virginia Division of Corrections and the Northern Correctional

Facility, both components of the State of West Virginia and has no authority to order the payment of $300.00 to the plaintiff.

Furthermore, the Eleventh Amendment and 18 U.S.C. § 3626 preclude a federal court from issuing prospective relief against state officials on the basis of state law. As noted in the holding of Jensen v. County Lake, 985 F. Supp. 397 (N.D. In. 1997), prospective relief is all relief other than monetary relief. In this case, the plaintiff is asking the Court to grant prospective relief and rule that Policy directive 457.07, issued by the Division of Corrections, is contrary to the Last Will and Testament of Benjamin Rosenbloom. In addressing this issue, the court must be mindful of the provision of 18 U.S.C. § 3626 (a) which provides as follows:

> prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or prove any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct a violation of the Federal right, and is the least intrusive means necessary to correct a violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of the criminal justice system caused by the relief.

Clearly, interpretation of the contents of the Rosenbloom Will and Trust is a matter of state law and not federal. "[T]he Eleventh Amendment bars this Court from ordering a state official or agency to comply with or conform its conduct to state law." Martinson v. Violent Drug Traffikers Project, No. CIV. A. 95-2161 (CRR), 1996 WL 411590 (DDC. July 11, 1996 at *2). Inasmuch as a federal court only can grant prospective relief to remedy a violation of a federal right, and the issue presented by the plaintiff involves state law, the court is without authority to grant the plaintiff prospective relief and rule on whether Policy Directive 457.07 violates the intent of the Last Will and Testament of Benjamin Rosenbloom.

**IV. RECOMMENDATION**

In consideration of the foregoing, it is the undersigned's recommendation that the defendants' Motion to Dismiss (Doc. 13) be **GRANTED** and the plaintiff's complaint be **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: March 24, 2009

    /s/ James E. Seibert
    JAMES E. SEIBERT
    UNITED STATES MAGISTRATE JUDGE