# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**RANDALL FRIDLEY,**

    Plaintiff,

v.
                                        **CIVIL ACTION NO. 3:08-CV-111
                                        (BAILEY)**

**WV Department of Corrections;
Northern Correctional Facility,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By standing order, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R & R on March 24, 2009 [Doc. 17]. In that filing, the magistrate judge recommended that this Court deny the petitioner's action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 [Doc. 1] and dismiss it with prejudice.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R & R were due within ten (10) days of filing of this same, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). On March 24, 2009, Magistrate Judge Seibert entered his Report and Recommendation. This document was twice sent by certified mail to the plaintiff at the plaintiff's last known address; it was twice returned as undeliverable. *See* Docs. 19 & 22. The Court notes that the plaintiff has not notified the Court of any change of address. Not surprisingly, no objections to the R & R have been filed. Accordingly, this Court will review the report and recommendation for clear error.

Additionally, a ***Roseboro*** Notice [Doc. 14] was issued on September 30, 2008, to which no reply has ever been made. It goes without saying that a response to the defendants' Motion to Dismiss [Doc. 13] was not filed either. In that notice, the plaintiff was advised that failure to file responsive material within thirty (30) days might result in the entry of an order of dismissal against him. More than six (6) months has now elapsed without any communication from the plaintiff to this Court.

This Court finds the above to be more than sufficient to dismiss this action without reaching the merits; however, this Court now elects to reiterate and adopt the magistrate judge's findings and recommendation that this case should be dismissed on the merits for lack of jurisdiction.

In the R&R, Magistrate Judge Seibert found that:

> "Pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a

citizen against another, or to suits by a citizen against his or her own state. ***Hans v. Louisiana***, 134 U.S. 1 (1890). State agencies are also protected from the suit by the Eleventh Amendment. ***Quern v. Jordan***, 440 U.S. 332, 441 (1979).

The State of West Virginia and its components have been held to be entitled to Eleventh Amendment immunity. ***Gianncola v. West Virginia Department of Public Safety***, 830 F.2d 547, 552 (4th Cir. 1987); ***Duncan v. West Virginia Department of Public Safety***, 597 F. Supp. 1195, 1196 (S.D. W.Va. 1984) (holding Eleventh Amendment barred suit for damages against State of West Virginia); ***Meadows v. Huttonsville Correctional Center***, 793 F. Supp. 684, 686 (N.D. W.Va. 1992) (applying Eleventh Amendment immunity to suit against a state prison). Accordingly, absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. ***Kentucky v. Graham***, 473 U.S. 159, 199 (1985); ***Pennhurst State School & Hospital v. Halderman***, 465 U.S. 89, 99-100 (1984). Therefore, this Court lacks jurisdiction over the West Virginia Division of Corrections and the Northern Correctional Facility, both components of the State of West Virginia and has no authority to order the payment of $300.00 to the plaintiff.

Furthermore, the Eleventh Amendment and 18 U.S.C. § 3626 preclude a federal court from issuing prospective relief against state officials on the basis of state law. As noted in the holding of ***Jensen v. County Lake***, 985 F. Supp. 397 (N.D. In. 1997), prospective relief is all relief other than monetary

relief. In this case, the plaintiff is asking the Court to grant prospective relief and rule that Policy directive 457.07, issued by the Division of Corrections, is contrary to the Last Will and Testament of Benjamin Rosenbloom. In addressing this issue, the Court must be mindful of the provision of 18 U.S.C. § 3626 (a) which provides as follows:

prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or prove any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct a violation of the Federal right, and is the least intrusive means necessary to correct a violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of the criminal justice system caused by the relief.

Clearly, interpretation of the contents of the Rosenbloom Will and Trust is a matter of state law and not federal. '[T]he Eleventh Amendment bars this Court from ordering a state official or agency to comply with or conform its conduct to state law.' ***Martinson v. Violent Drug Traffikers Project***, No. CIV. A. 95-2161 (CRR), 1996 WL 411590 (DDC. July 11, 1996 at *2). Inasmuch as a federal court only can grant prospective relief to remedy a violation of a federal right, and the issue presented by the plaintiff involves state law, the Court is without authority to grant the plaintiff prospective relief and rule on whether Policy Directive 457.07 violates the intent of the Last Will and Testament of Benjamin Rosenbloom."

Upon careful review, it is the opinion of this Court that the magistrate judge's **Report and Recommendation [Doc. 17]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Therefore, the defendants'

Motion to Dismiss **[Doc. 13]** is **GRANTED**.  As such, the plaintiff's Complaint **[Doc. 1]** is hereby **DENIED** and **DISMISSED WITH PREJUDICE** for lack of jurisdiction.  Accordingly, this matter is **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** April 22, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE